Daniel B. Beck, SBN 63865
Beck Law P.C.
2681 Cleveland Avenue
Santa Rosa CA 95403
Phone: 707-576-7175
Fax: 707-576-18782681

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re **Francisco Ortiz** | Case No. | **09-10848** |
| Debtor | Chapter | **13** |
| **Francisco Ortiz** Plaintiff | | |
| **One West Bank FSB** Defendant | Adversary Proceeding No. | _____ |

**COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN**

**COMES NOW** debtor and plaintiff Francisco Ortiz herein, ("Plaintiff"), and respectfully allege the following:

**GENERAL ALLEGATIONS**

1. This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. To the extent this proceeding is determined to be a noncore proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

4. Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 31, 2000 ("the Bankruptcy Case").

5. Plaintiff is informed and believes that defendant, **One West Bank FSB**. ("One West") is a corporation incorporated in the State of California, doing business in the State of California, and a creditor of Plaintiff.

6. On or about May 1, 2009, One West filed a Proof of Claim in the Bankruptcy Case, asserting a claim against Plaintiff in the sum of $398,160.81 and further asserting that said claim is secured by a lien against real property belonging to Plaintiff located at 3031 Redemeyer Road Ukiah, CA 95482, which is Plaintiff's residence (hereinafter "the Property"). Defendant One West has attached a Deed of Trust to its Proof of Claim, but has not produced the Promissory Note which the Deed of Trust supposedly secures.

7. Plaintiffs are informed and believe and thereon allege that the fair market value of the Property, which is the collateral for the One West Deed of Trust was approximately $240,000.00 on the date of filing of the Bankruptcy Case as set forth in Debtor's Schedule A, and on the Amended Chapter 13 Plan filed July 18, 2009.

8. Plaintiff further asserts that he was induced into signing One West's Deed of Trust by Diego Corsi, a real-estate agent, as a result of fraud or misrepresentation, and in violation of federal law.

9. Plaintiff further alleges that Diego Corsi a real-estate agent lied to plaintiff when he sold Plaintiff a loan, in that Corsi told Plaintiff the subject loan had better terms and lower payments than the loan(s) Plaintiff had previously.

10. Plaintiff further alleges that Diego Corsi a real-estate agent, did not fully disclose the terms of this loan, and that Mr. Corsi received a $5,000 kick-back for arranging this loan.

COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN – Page 2
Case: 09-01125    Doc# 1    Filed: 09/29/09    Entered: 09/29/09 02:23:04    Page 2 of 5

## FIRST CLAIM FOR RELIEF
Real Estate Settlement Procedures Act ("RESPA")
12 U.S.C. § 2601

Under Section 8 of RESPA, borrowers may challenge any fees not "bona fide" - that is, those charges which are not directly related to goods or services received by the borrower. Examples of non-bona fide charges under Section 8 include kickbacks, referral fees, and unearned fees. 12 U.S.C. § 2607. Plaintiff alleges on information and belief that Client's Good Faith Estimate ("GFE") and Uniform Settlement Statement ("HUD-1") do not correspond. And that Gino Corsi collected a kickback for arranging this loan.

## SECOND CLAIM FOR RELIEF
Home Ownership and Equity Protection Act ("HOEPA")
(or "Regulation Z", 12 CFR 226), 15 U.S.C. §§ 1602(aa), 1639

HOEPA prohibits a lender from engaging in a pattern or practice of extending HOEPA loans without regard to the borrower's ability to repay from sources other than the encumbered home's equity. 12 CFR § 226.34. In the instant case, Defendant made the subject loan without regard to Plaintiff's ability to repay.

## THIRD CLAIM FOR RELIEF
Truth In Lending Act ("TILA")
15 U.S.C. § 1601

Under TILA, the lender is required to disclose the loan's finance charge, the APR, the amount financed, and the total of all payments. In the instant case, Defendant made the subject loan without disclosing the above information to the Plaintiff.

## FOURTH CLAIM FOR RELIEF
Fair Housing Act ("FHA"), 42 U.S.C. § 3601,
and Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691

Under the Fair Housing Act (FHA) the plaintiff may establish a prima facie claim through evidence of express discrimination by the lender or through indirect evidence under a burden-shifting analysis, or through a disparate impact analysis.

Indirect evidence through burden shifting requires the plaintiff to show: (1) membership in a protected class; (2) application and qualification for a loan with defendant; (3) the loan offered contained patently unfavorable terms; and (4) defendant provided other borrowers possessing similar qualifications with loans on significantly better terms. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If the plaintiff shows these elements, the burden shifts to the defendant to demonstrate some non-discriminatory, legitimate purpose behind the differential treatment.

Discrimination proved through disparate impact requires a showing that defendant has a specific lending policy, procedure, or practice which results in a greater discriminatory impact on members of a protected class. *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971).

## FIFTH CLAIM FOR RELIEF
[Fraud]

Plaintiff justifiably relied on real estate agent Diego Corsi's misrepresentations which caused him enter into this loan to his detriment in that he got worse loan terms, higher payments and owed more money.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at 3031 Redemeyer Road Ukiah, CA 95482;

2. That the Court determine that the amount of the lien secured by the One West Deed of Trust as $240,000

3. That the Court determine that the One West Deed of Trust is null and void;

4. Sum of all finance charges and fees paid in the transaction 12 CFR § 226.23

5. Rescission of contract

6. Statutory damages of twice the finance charge up to $2,000, plus consequential and incidental damages. 15 U.S.C. § 1635, 1640

7. For injunctive relief as needed

8. For costs of suit incurred herein; and,

9. For such other and further relief as the court deems just and proper

Date: September 29, 2009          BECK LAW P.C.


                                  /s/ Dan Beck_____
                              by: Dan Beck
                                  Attorneys for Debtor